(25 Misc. Rep. 49.)

## In re NOBLE.

(Supreme Court, Special Term, Kings County.   October, 1898.)

1. COUNTIES—CREATION—STATUTES—ELECTIONS.

Laws 1898, c. 588, forming the new county of Nassau of that part of Queens county which was not taken into the city of New York, taking effect January 1, 1899, and providing (section 4) that the officers of the new county shall be elected at the general election in 1898, immediately sets up such territory as a new county for the purpose of such election; and hence the electors thereof are not entitled to vote for the surrogate of Queens county, under Const. art. 6, §§ 14, 15, requiring surrogates to be elected by the electors of their respective counties.

2. STATUTES—PARTIAL INVALIDITY.

Though section 5, Laws 1898, c. 588, making the supervisors of the towns comprising the new county the board of supervisors thereof, may

be unconstitutional, under Const. art. 3, § 26, requiring such board to be elected, the rest of the act is not affected thereby.

3. ELECTIONS—CANVASSERS—STATUTES.
　　.Said act is not invalid for failure to provide canvassers of election returns, since the validity of the election is not affected thereby, and the returns of election officers confer title to office.

Petition by Daniel Noble for mandamus to require the clerk of Queens county not to put the candidate for surrogate of Queens county on ballots to be used in the territory which is to be the new county of Nassau after January 1, 1899. Writ awarded.

H. A. Montfort, for the motion.
F. H. Van Vechten, W. S. Cogswell, and A. N. Weller, opposed.

GAYNOR, J. By the act chapter 588 of the Laws of 1898 that part of the territory of Queens county which is outside of the new city of New York, viz., the territory of the towns of Oyster Bay, Hempstead and North Hempstead, is set off and made a new county called Nassau. The act by its terms is to take effect on January 1, 1899; but section 4 provides that all of the county officers of the new county shall be elected at the general election of 1898. This sets it up as a county for the purpose of such election. The electors of the new county cannot therefore vote for Queens county officials also at such election. The electors of the new county by becoming such ipso facto cease to be electors of Queens county. The act does not say in so many words that they shall not vote for Queens county officials, but by force of the provision that they shall vote in Nassau county they cease to have the right to vote in Queens county, just as the electors of Queens county by the fact of being such electors have no right to vote in Nassau county. Besides, being made electors of Nassau county, the legislature could not permit them to vote not only for a surrogate or a county judge of Nassau county, but also for a surrogate or a county judge of Queens county, for the constitution requires these officials to be elected by the electors of the county. . Const. art. 6, §§ 14, 15. A construction of the act attributing that intention to the legislature cannot therefore be adopted as it is capable of another construction.

If there were any doubt of the constitutionality of the act as a whole, the question now decided would be postponed until after the election, but concededly there is not. If section 5 be unconstitutional for appointing the present supervisors of the three towns to constitute the board of supervisors of the new county, whereas the constitution requires that the members of such board shall be elected (article 3, § 26), the rest of the act does not fall with it. That there are no canvassers of the election returns provided for by the act does not matter. None are needed to make an election valid. The returns of the election officers are of themselves competent to confer title to office.

The motion is.granted.